UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCUS T. REUM, SR.,

        Petitioner,

v.

GIG HARBOR MUNICIPAL COURT,

        Respondent.

CASE NO. 3:21-cv-05072-BHS

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's motion to proceed *in forma pauperis*, which the District Court has referred to the undersigned. *See* Dkt. 1. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), when a person seeks to proceed *in forma pauperis* in federal court, the Court "shall dismiss" the case if it appears that, among other things, the action is frivolous or malicious or "fails to state a claim on which relief can be granted."

Here, petitioner, who is not imprisoned, has filed a petition for writ of mandamus compelling the Gig Harbor Municipal Court to act, but such a writ is not available in federal court to compel a state court to act. The proposed petition appears to be legally frivolous and

1  fails to state a claim.  However, the Court will offer petitioner an opportunity to file an amended

2  pleading, which will also be subject to review by this Court pursuant to 28 U.S.C. § 1915.  The

3  Court declines to rule on petitioner's motion to proceed *in forma pauperis* at this time.  If

4  petitioner wishes to proceed, he shall file an amended pleading in this Court on or before **April**

5  **23, 2021,** that does not contain the deficiencies outlined in this Order.  If petitioner does not do

6  so, the Court will recommend dismissal of this matter without prejudice.

## DISCUSSION

8  Petitioner initiated this matter in January 2021, and the Clerk's Office sent petitioner a

9  notice that he had failed to correctly sign his documents.  Dkt. 2, at 1.  Petitioner failed to

10 remedy this defect, so, on February 17, 2021, the undersigned ordered petitioner to correctly sign

11 his proposed petition and motion to proceed *in forma pauperis*.  Dkt. 4, at 2.  Petitioner has now

12 properly signed both documents.  *See* Dkts. 5, 8.

13 Petitioner seeks to proceed on his proposed petition for writ of mandamus, which he is

14 bringing under 42 U.S.C. § 1983 against the Gig Harbor Municipal Court.  Dkt. 1-1, at 1.

15 Petitioner appears to assert that the Gig Harbor Municipal Court lacks personal jurisdiction over

16 him because he is "one of The Federally Enrolled People From Montana, permanently domiciled

17 on the Ft. Peck Indian Reservation."  *See* Dkt. 1-1, at 1, 4.  Petitioner does not specify exactly

18 what litigation he is challenging in state court, but it appears that petitioner signed a plea

19 agreement in state court (*see* Dkt. 1-1, at 2), has an ignition interlock device on his car from a

20 DUI charge or conviction, is not allowed to possess a firearm or ammunition, and is facing

21 criminal charges.  *See* Dkt. 1-1, at 7–8.

22 Several issues, however, prevent the Court from granting relief on the proposed petition.

23 First, a writ of mandamus arises under the federal mandamus statute.  That statute provides that

24

1    "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to
2    compel *an officer or employee of the United States or any agency thereof* to perform a duty owed
3    to the plaintiff." 28 U.S.C. § 1361 (emphasis added). The Gig Harbor Municipal Court is not an
4    officer, employee, or agency of the United States. "The federal courts are without power to issue
5    writs of mandamus to direct state courts or their judicial officers in the performance of their
6    duties[.]" *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966); *see also Davis v. Lansing*,
7    851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by
8    state officials[.]"). Therefore, the Court lacks jurisdiction over the proposed petition, which
9    seeks to have the Court compel action by the Gig Harbor Municipal Court.

10        Second, to the extent that petitioner seeks to proceed under 42 U.S.C. § 1983, which
11   allows civil rights actions against state actors in limited circumstances, petitioner's claims also
12   suffer from defects preventing him from succeeding on such claims in this Court. The petition
13   lacks clarity regarding exactly what actions petitioner seeks to have set aside, although he
14   appears to request that this Court dismiss pending state charges. *See* Dkt. 1-1, at 8. Petitioner
15   also requests that the Court return his firearms and ammunition and prohibit Washington State
16   law officers from stopping petitioner without legal probable cause. *See* Dkt. 1-1, at 8.

17        Inasmuch as petitioner challenges "charges" brought in state court, the Court will not
18   grant relief that interferes with ongoing state criminal proceedings absent extraordinary
19   circumstances not present here. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). Inasmuch as
20   petitioner challenges "convictions" under § 1983, petitioner should be aware that he cannot bring
21   an action that would call into question the validity of a state court conviction or sentence unless
22   he shows that the state court conviction or sentence has already been invalidated on appeal, by a
23   habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–
24

87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that a "§ 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the [convicted person's] suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

## CONCLUSION AND DIRECTIONS TO PETITIONER AND CLERK

The Court will not rule on petitioner's IFP application until he provides a proposed pleading that states a cognizable claim. Petitioner may respond to this Order by providing an amended proposed pleading on or before **April 23, 2021.** If petitioner fails to do so, the Court will recommend dismissal of this matter without prejudice.

Petitioner should note that the amended proposed pleading will be a complete substitute for the prior proposed petition for writ of mandamus and should not incorporate any portion of the prior proposed petition by reference. The proposed pleading should be complete in itself and should not rely on other documents to set forth the allegations of this lawsuit.

The Clerk's Office shall update the docket to re-note petitioner's IFP application (Dkt. 5) for April 23, 2021, and to reflect that the response to this Order is due on the same date. The Clerk's Office shall provide petitioner with a copy of this Order.

Dated this 22nd day of March, 2021.

J. Richard Creatura
United States Magistrate Judge