UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARCUS T. REUM, SR., <br><br> Petitioner, <br><br> v. <br><br> GIG HARBOR MUNICIPAL COURT, <br><br> Respondent. | CASE NO. 3:21-cv-05072-BHS <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: June 4, 2021 |

Plaintiff's *in forma pauperis* ("IFP") application is before the Court on referral pursuant to 28 U.S.C. § 636 and this Court's Amended General Order 02-19.

Plaintiff initiated this matter in January 2021. *See* Dkt. 1. The Court reviewed his IFP motion and issued a show cause order in March 2021. *See* Dkt. 9. The Court explained that although plaintiff sought a writ of mandamus, the Court lacked jurisdiction over a petition to compel action by a state court. Dkt. 9, at 1. And the Court explained that to the extent that plaintiff sought to challenge state court "charges," the Court would not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Dkt. 9, at 3. Further, petitioner could not challenge "convictions" under 42 U.S.C. § 1983 where his challenge would call into

REPORT AND RECOMMENDATION - 1

question the validity of a state court conviction or sentence unless he showed that the conviction or sentence had already been invalidated. Dkt. 9, at 3.

The Court offered plaintiff the opportunity to provide a proposed pleading that stated a cognizable claim but cautioned plaintiff that the Court would not rule on his IFP motion until he did so. Dkt. 9, at 4. The Court explicitly warned plaintiff that failure to comply with the order by providing an amended proposed pleading on or before April 23, 2021, would result in a recommendation to dismiss the matter without prejudice. Dkt. 9, at 4.

Plaintiff failed to comply with the Court's deadline. Plaintiff has taken no action since the Court entered the show cause order. Thus, the Court recommends that the IFP motion (Dkt. 5) should be denied and that this matter should be dismissed without prejudice for failure to comply with a Court order. The Clerk's Office should mail a copy of this Report and Recommendation to plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 4, 2021,** as noted in the caption.

Dated this 11th day of May, 2021.

J. Richard Creatura
Chief United States Magistrate Judge